ROBERT L. BLAND, Judge.
On the 20th day of May, 1950 and for some time prior to that date the state road commission of West Virginia maintained a prison camp at Kyger in Roane county, West Virginia, where a number of convicts from the state penitentiary at Moundsville were kept working on the public roads of said county.
*37 It is provided by statute in West Virginia that all male persons convicted of felony and sentenced to imprisonment or confinement in the penitentiary, or so many thereof as may be required by the state road commissioner shall, as incident to such sentence or confinement, constitute the state road force, and as such may be employed under the supervision of the state road commissioner in building, surfacing and maintaining roads under the supervision of the state road commissioner. Code, chapter 17, article 5, section 1.
A large number of convicts were, upon the recommendation of the state road commissioner, sent by the warden of the penitentiary to this camp and were under the control of one I. M. Coiner, a guard at the penitentiary and captain of the guard at the camp. One of these convicts had made his escape and was running at large. The captain of the guard was in pursuit of him, armed with a revolver which he was authorized to carry by the warden of the penitentiary.
One Wallace Bumgarner, a farm laborer residing in Wirt county, West Virginia, who had gone on an errand from his home to Reedy in the county of Roane, was returning to his home. He was walking on a public highway of the state of West Virginia, being route 14 extending between the town of Reedy and the city of Parkersburg. At a certain point on the thoroughfare he was approached by guard Coiner and informed that he was under arrest. Bumgarner, the claimant, then twenty-six years of age, was at once frightened and started to run. The captain of the guard, without knowledge of the identity of the man and without the exercise of ordinary prudence or judgment, shot him in the leg. According to Dr. A. T. Gordon, who examined the patient after he had been transferred to a hospital at Spencer, the point of entrance of the bullet was external, the exit being on the inside some place about the middle or upper third of the thigh and on through. Dr. J. M. DePue testified as follows: “Well, he (Bumgarner) was brought in on May 21st, 1950, with a gunshot wound of the upper right thigh, the bullet entering in the back and coming out in front, completely through *38 the thigh. The examination did not show any injury to any nerve, blood vessels or bones. It was entirely a muscular injury.”
The captain of the guard, after shooting the man, reentered his automobile and drove away. He subsequently returned to the scene of the shooting and found his victim lying prostrate upon the ground, bleeding profusely, and wrapped in blankets which considerate and sympathetic folks in the vicinity had furnished. It was then that he was removed to the hospital.
Bumgarner later instituted an action of trespass on the case against the captain of the guard, Coiner, in the circuit court of Roane county. A jury upon his trial returned a verdict for $3000.00 in favor of the plaintiff. A motion to overrule this verdict and grant defendant a new trial was denied and a judgment entered upon the verdict. An application to the Supreme Court of Appeals for a writ of error from and supersedeas to said verdict was denied.
After having exhausted his remedy at law to enforce payment of the circuit court judgment Bumgarner filed a claim in the court of claims. By stipulation between counsel for claimant and counsel for the state a transcript of the evidence heard upon the trial in the circuit court of Roane county was considered by the court of claims. The only plea interposed by the state was that of the general issue “not guilty.” It was maintained by the attorney general that the court of claims is without jurisdiction to hear and determine the claim in question since the court act provides that the jurisdiction of the court shall not extend to any claim “* * * 7. With respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.”; and that claimant had a remedy against defendant in a court of law of the state. However, we are of opinion that the only remedy afforded by the statute was exhausted by claimant and that under the circumstances he has a clear right to come into the court of claims and prosecute his claim against the state of West Virginia upon the theory that the state should make reparation for the injuries inflicted and suffering caused by the ruthless and unwarranted conduct of the state’s duly authorized *39 agent. It is further maintained by the attorney general that the doctrine of res judicata would preclude the prosecution of the claim in this court. Suffice it to say that the claimant did not assert his claim against the state until he had exhausted his remedy against Bumgarner in the courts of the state.
Considering the evidence before the court and giving full effect to the probative proof offered in support of the claim, we are of opinion that it would be unconscionable to say that no moral obligation of the state exists to compensate the claimant for the injuries suffered by him at the hands of the state’s duly accredited agent.
An award is therefore made in favor of claimant Wallace Bum-garner against the state board of control in the sum of two thousand dollars ($2,000.00).